PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANGEL GRACIANI, Defendant and Appellant.

No. 3371. Argued March 14, 1928.—Decided March 16, 1928.

A. *Porrata Doria* and *Luis Villaronga* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Angel Graciani was accused in the district court of Gua-

yama of the offense of carrying arms, in that on July 12, 1927, in Barranquitas, Porto Rico, he unlawfully and wilfully was carrying a revolver, an arm with which bodily injury can be caused.

The accused pleaded "innocent."

The evidence submitted at the trial was contradictory. On one side witnesses Jesús Rivera, Otilio Vázquez, Clemente Cruz, Juan Valentín Colón and Conrada Colón testified that the defendant drew a revolver and with it threatened Jesús Rivera, and that he took the revolver from the automobile in which he was going with another person. On the other side witnesses Juan Maldonado, José Pagán and Emilia Colón testified that Jesús Rivera attempted to attack Graciani with an iron pipe of the automobile and Clemente Cruz and Otilio Vázquez also threatened Graciani; that there was a quarrel between Graciani and Jesús Rivera, Otilio Vázquez and Clemente Cruz by reason of certain charges, and that they did not see Graciani draw any revolver.

The court adjusted the conflict in the evidence in favor of the prosecution and sentenced Graciani to a month in jail. This appeal was taken from that judgment which, as appears from the notice of appeal, was rendered on September 15, 1927.

It is alleged that the trial court committed manifest error in weighing the evidence.

The appellant ably analyzes the evidence submitted and on that analysis bases his argument on the error assigned.

The court has held in a great many cases that it will not interfere with the weighing of the evidence unless it is alleged and shown that the trial judge acted with prejudice or was influenced by passion or partiality, or committed manifest error in weighing the evidence. On an examination of the evidence we find that it is sufficient to sustain the conviction of the defendant, for not only the witnesses whom the defendant accuses of partiality testified to his having

taken a revolver from the automobile, but there is other irrefutable testimony in the same sense.

We can not agree to the existence of the error assigned. The judgment appealed from must be affirmed.